# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60570
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellant*,

*versus*

Kindle Terrell Sam,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CR-87-1

———————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

A grand jury charged Kindle Terrell Sam with possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). The district court granted Sam's motion to dismiss the indictment, and the Government appeals. We review the constitutionality of

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60570

§ 922(g)(3) de novo.  *See United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).

As here, we have previously considered an as-applied challenge to § 922(g)(3) in a case involving a motion to dismiss the indictment where the Government did not seek to prove that the defendant was unlawfully using a controlled substance at the time she was found in possession of a firearm.  *See United States v. Connelly*, 117 F.4th 269, 272-73 (5th Cir. 2024).  There, we concluded that, because there was no effort to show that Connelly, despite being a regular drug user, was intoxicated at the time she was arrested for possessing a firearm, applying § 922(g)(3) to her was unconstitutional.  *Id.* at 282.

Likewise, in this case the Government did not seek to show that Sam was intoxicated or unlawfully using a controlled substance at the time he was found in possession of a firearm.  *See Connelly*, 117 F.4th at 282.  Nor did it seek to prove that Sam's marijuana use was so extensive as to render him analogous to the dangerously mentally ill or a danger to others.  *See United States v. Daniels*, 124 F.4th 967, 976 (5th Cir. 2025).  Accordingly, the district court properly determined that § 922(g)(3) was unconstitutional as applied to Sam.  Though the Government asserts that § 922(g)(3) is constitutional in all its applications, it acknowledges our holding in *Connelly* and states that it raises the argument to preserve it for further review.

The district court's judgment is AFFIRMED.

2